# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| JEFFERY L. KIRK, <br><br> Plaintiff, <br><br> v. <br><br> ROCKWELL COLLINS INC., DOES 1-10, ENTITIES 1-10, <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:12-cv-1107-DB-PMW <br><br><br> District Judge Dee Benson <br><br> Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Jeffery L. Kirk's ("Plaintiff") motion to remand.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 20.

[2] *See* docket no. 10. The court issues a report and recommendation, rather than an order, on Plaintiff's motion to remand because it is considered to be a dispositive motion. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000) ("[A] remand order is a final decision or dispositive action that must ultimately be made by the district court to survive Article III scrutiny. That means that a magistrate judge may recommend a remand so long as the ultimate decision is made by the district court." (quotations and citations omitted)).

## RELEVANT BACKGROUND

On October 29, 2012, Plaintiff filed a complaint against Rockwell Collins Inc. ("RCI") in Utah state court. On November 5, 2012, RCI received Plaintiff's complaint. On December 4, 2012, RCI filed a notice of removal with this court.[3] On December 11, 2012, RCI filed its answer to Plaintiff's complaint.[4] Plaintiff then filed his motion to remand on January 3, 2013.[5]

## ANALYSIS

As noted by RCI, Plaintiff makes six arguments in support of his assertion that RCI did not properly remove this case to federal court pursuant to 28 U.S.C. § 1446. Plaintiff argues that: (1) RCI has failed to provide sufficient evidence for diversity of citizenship and has failed to file its corporate disclosure statement; (2) there is no basis for federal question jurisdiction, as noted in the docket report for this case; (3) the case has been mislabeled in the docket report as other labor litigation; (4) the removal of this case has resulted in the failure to transfer Plaintiff's jury demand in state court to federal court; (5) RCI's counsel did not file a timely notice of appearance; and (6) RCI's answer was untimely. The court will address those arguments in turn, followed by a short discussion concerning whether this case was indeed properly removed.

---

[3] *See* docket no. 2.

[4] *See* docket no. 3.

[5] *See* docket no. 10.

## I. Diversity of Citizenship and Corporate Disclosure Statement

First, Plaintiff contends that RCI has failed to provide sufficient evidence for diversity of citizenship and has failed to file its corporate disclosure statement. Based on those contentions, Plaintiff asserts that this case should be remanded to state court. Those arguments fail.

"To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, appellate courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."). Further, a plaintiff's allegations in the complaint alone can be sufficient to make a showing that the amount in controversy satisfies requirements for diversity jurisdiction. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183-84 (10th Cir. 2000) (holding that allegations satisfied amount in controversy requirement for diversity jurisdiction).

RCI has produced sufficient evidence in its notice of removal for diversity of citizenship.[6] Furthermore, the allegations contained in Plaintiff's complaint plainly establish the existence of diversity of citizenship:

> 1. .... Plaintiff is currently domiciled in Salt Lake County, Utah, although temporarily residing out of state.

---

[6] *See* docket no. 2.

> 2. [RCI] is a Delaware corporation doing business in Utah
> with headquarters in Cedar Rapids, Iowa.[7]

Plaintiff also alleges damages in excess of $75,000; specifically, Plaintiff alleges that he is entitled to $1.7 million in damages.[8]

Plaintiff also argues that pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, RCI is "required to file a Disclosure Statement regarding ownership, and . . . such disclosure must be filed promptly upon first appearance, pleading, petition, motion, or response."[9] As RCI has noted, that issue is irrelevant to the issue of removal and does not provide a basis for granting Plaintiff's motion to remand. Nevertheless, RCI filed its corporate disclosure statement on January 4, 2013.[10]

## II. Jurisdiction

Second, Plaintiff notes that the docket sheet for this case indicates that the jurisdiction for this matter is categorized as "Federal Question." Plaintiff then argues that RCI has not taken any action to provide a basis for federal-question jurisdiction and, as such, that this case should be remanded to state court. In its notice of removal, RCI clearly asserts that the basis for this court's jurisdiction in this matter is diversity of citizenship.[11] Accordingly, the indication in the docket

---

[7] Docket no. 2, Exhibit A.

[8] *See id.*

[9] Docket no. 10 at 7.

[10] *See* docket no. 11.

[11] *See* docket no. 2.

sheet that jurisdiction in this matter is based on federal question is nothing more than a clerical error. Such a minor error is simply not a legitimate basis for granting Plaintiff's motion. The Clerk of the Court should be ordered to correct the docket sheet to indicate that the basis for this court's jurisdiction in this matter is diversity of citizenship.

### III.  Case Label

Third, Plaintiff argues that the docket sheet in this case incorrectly labels the nature of this case as other labor litigation. Plaintiff contends that this case should be labeled as other contract litigation. Based on that alleged error, Plaintiff asserts that his motion should be granted and this case should be remanded to state court. As with Plaintiff's previous argument, the issue of how this case was labeled by the court's clerical staff provides no basis for remanding this case to state court. Put simply, that issue is irrelevant to the issue of removal. Moreover, Plaintiff is not prejudiced by how this case is labeled in the docket sheet. A case label has not impact on the way a case is litigated, procedurally or substantively. The labeling will not affect the burdens or standards of proof, or the admissibility of any evidence. In any event, whether the nature of the suit is properly labeled in the docket sheet is a not ground for granting a motion for remand.

### IV.  Jury Demand

Fourth, Plaintiff asserts that RCI's the removal of this case has resulted in the failure to transfer Plaintiff's jury demand in state court to federal court. Based on that alleged error, Plaintiff argues that this case should be remanded to state court.

Pursuant to rule 81(c)(3)(A) of the Federal Rules of Civil Procedure, "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal." Fed. R. Civ. P. 81(c)(3)(A). RCI concedes that Plaintiff demanded a trial by jury in his state court pleadings. Further, RCI stipulates to correct the civil cover sheet and the docket sheet in this case to reflect Plaintiff's jury demand. Accordingly, the Clerk of the Court should be ordered to correct both the civil cover sheet and the docket sheet in this case to reflect Plaintiff's jury demand. However, those corrections will have no impact on RCI's removal of this case because whether a jury demand is properly reflected in the civil cover sheet and the docket sheet is not a ground for granting a motion for remand.

## V. RCI's Notice of Appearance

Fifth, Plaintiff argues that counsel for RCI did not appear in state court prior to filing the notice of removal and has not made a timely appearance in this case after removal. Based on those alleged deficiencies, Plaintiff contends that this case should be remanded to state court. Once again, however, Plaintiff's argument has nothing to do with the issue of removal.

Nevertheless, rule 83-1.3(a) of the Rules of Practice for the United States District Court for the District of Utah provides that "[t]he filing of any pleading, unless otherwise specified, will constitute an appearance by the person who signs such pleading, and such person will be considered counsel of record." DUCivR 83-1.3(a). Lead counsel for RCI properly entered his appearance in this matter. As set forth above, RCI filed its answer to Plaintiff's complaint on

December 11, 2012.[12]  Above the caption on the first page of its answer, lead counsel for RCI properly listed his name and contact information, and the answer was electronically signed by RCI's lead counsel.  In addition, RCI's lead counsel's information was also set forth in RCI's notice of removal.[13]  Those actions satisfy the requirements of rule 83-1.3 for appearance of RCI's lead counsel as counsel of record.  Accordingly, RCI's lead counsel properly entered his appearance as counsel of record for RCI in this matter.

## VI.  RCI's Answer

Plaintiff's sixth and final argument is that RCI failed to timely file its answer and used the removal process to expand its time to provide a responsive pleading or answer.  That argument is without merit.

RCI properly removed this action within the procedural deadlines provided in the United States Code and the Federal Rules of Civil Procedure. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).  "After removal, . . . [a] defendant who did not answer before removal must answer . . . within the longest of these periods: . . . 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2)(C).

---

[12] *See* docket no. 3.

[13] *See* docket no. 2.

It is undisputed that RCI received Plaintiff's complaint on November 5, 2012. Because RCI filed its notice of removal on December 4, 2012,[14] it satisfied the 30-day deadline set forth in 28 U.S.C. § 1446(b)(1). Further, because RCI then filed its answer on December 11, 2012,[15] it has also satisfied the seven-day deadline set forth in rule 81(c)(2)(C). Accordingly, and contrary to Plaintiff's assertion, RCI has not used the removal process to expand its time to provide a responsive pleading or answer. Instead, RCI properly and timely complied with the procedural deadlines for removal and for responding to Plaintiff's complaint. Therefore, Plaintiff's final argument regarding RCI's alleged lack of timeliness is neither a basis to remand this case nor, as Plaintiff suggests, a basis for entering RCI's default.

## VII. Proper Removal

As a final matter, the court will address whether this case was indeed properly removed to federal court. As noted above, RCI properly removed this action within the procedural deadlines set forth in the United States Code and the Federal Rules of Civil Procedure. Furthermore, this court has jurisdiction of this action because there is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) Citizens of different States . . . ."). According to the allegations in Plaintiff's complaint, Plaintiff is

---

[14] *See* docket no. 2.

[15] *See* docket no. 3.

currently domiciled in Utah (although temporarily residing in Virginia).[16]  Further, Plaintiff has asserted, and RCI admits, that RCI is a Delaware corporation with its principal place of business in Cedar Rapids, Iowa.[17]  In addition, Plaintiff has claimed damages in excess of $75,000; indeed, Plaintiff alleges that he is entitled to $1.7 million in damages.[18]  Accordingly, this case was properly removed to this court on the basis of diversity of citizenship.  *See* 28 U.S.C. § 1332(a).

Because RCI has complied with the applicable procedural deadlines and the court has jurisdiction of this action, RCI's removal of this action was proper and timely, and this action should not be remanded to state court.

\* \* \* \* \*

In summary, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion to remand[19] be **DENIED**.

2. The Clerk of the Court be ordered to correct the docket sheet to indicate that the basis for this court's jurisdiction in this matter is diversity of citizenship.

3. The Clerk of the Court be ordered to correct both the civil cover sheet and the docket sheet in this case to reflect Plaintiff's jury demand.

---

[16] *See* docket no. 2, Exhibit A.

[17] *See id*.

[18] *See id*.

[19] *See* docket no. 10.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17th day of July, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge